UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GOLD'N OVEN, INC.** a corporation, and
**SAMANTHA DICKOW,** an individual

      **Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

**Case No.**

Case: 2:24−cv−10858
Assigned To : DeClercq, Susan K.
Referral Judge: Grand, David R.
Assign. Date : 4/3/2024
Description: CMP GOLD'N OVEN
ET AL V USA (SS)

---

## COMPLAINT

The Plaintiffs, GOLD'N OVEN, a Michigan Corporation, located at 4104 15 Mile Rd, Sterling Heights, MI 48310, and SAMANTHA DICKOW, an Individual, proceeding pro se, hereby file suit against the United States of America pursuant to 7 U.S.C. §2023, and seek a de novo Judicial Review of the Administrative Decision to deny the Plaintiffs re-authorization as a Supplemental Nutrition Assistance Program (SNAP) retailer.

In support of this claim, the Plaintiffs state as follows:

### CASE BACKGROUND & PROCEDURAL HISTORY

1. The Plaintiffs operate a retail food store called Gold'N Oven. The store is located at 4104 15 Mile Rd, Sterling Heights, MI 48310 and functions as a corner food store for the local neighborhood.

2.  Plaintiff's business is located in a city where nearly 35% of the population speaks a language other than English in the household.[1]

3.  Specifically, the business is located at the at the 15 Mile Rd. and Ryan. Rd. intersection, one of the city's busiest thoroughfares which has been described as the "center of Chaldean life in the area, with Iraqi restaurants, centers, and groceries."[2]

4.  It is therefore unsurprising that this intersection was also the planned site for a nearly 21,000-square foot mosque.[3]

5.  At least 70% of Plaintiff's transactions are conducted through EBT.

6.  Gold'N Oven was qualified as a Supplemental Nutrition Assistance Program Retailer for at least the past five years. Once every five years, the store must apply for reauthorization from the Department.

7.  The Plaintiffs timely and appropriately submitted a re-authorization application to the Defendant's Department of Agriculture, Food and Nutrition Service on March 3, 2022.

8.  In the application, the Plaintiffs inadvertently and erroneously noted that 85% of their sales are from cold foods prepared on site. Plaintiffs instead meant to communicate  that 85% of sales are from staple foods.

9.  Due to the error, as well as a site-visit on May 5, 2022, Defendant, through its Department and sub-agencies, determined that the Plaintiffs did not qualify for

---

[1] https://www.census.gov/quickfacts/fact/table/sterlingheightscitymichigan/POP815222
[2] https://www.freep.com/story/news/local/michigan/macomb/2015/09/09/proposed-mosque-sterling-heights-stirs-opposition/71885024/
[3] *Id.*

reauthorization under 7 C.F.R. §278.1(b)(1)(a) or (b), and issued a determination letter to that effect on July 21, 2022.

10. On July 27, 2022, the Plaintiffs, upon learning of the decision and underlying reasoning, filed an administrative appeal and sought review from the Defendant's Administrative Review Division within the Department of Agriculture.

11. In the aforementioned appeal, the Plaintiffs unequivocally clarified that 85% of their sales are from "staple foods" and not "cold foods prepared on site." Plaintiffs further explained that the business predominantly provides Middle Eastern foods that are frozen and intended to be cooked at home by the customer. An overwhelming portion of these foods can and are specifically intended to be frozen and stored by the customer (some even for several months), and require one to two hours of cooking and preparation time.

12. Moreover, in the communication, Plaintiffs further clarified specifically that hot, prepared foods constitute a negligible portion of their sales, as underscored by the low price at which such items are marked, as well as the minuscule fraction they make up of total, overall sales.

13. On March 4, 2024, nearly 20 (twenty) months later, the Plaintiffs received a Final Agency Decision (hereinafter also referred to as "FAD") upholding the Defendants' prior decision and finding in pertinent part that the Plaintiffs' inventory was insufficient. The Final Agency Decision (FAD) is attached hereto as "Exhibit A".

## PARTIES

14. The Plaintiff, Samantha Dickow, is a natural person and a resident of Macomb County, Michigan. Plaintiff, Ms. Dickow, is the owner of Gold'N Oven and the SNAP applicant on behalf of the business.

15. The Defendant, the United States of America, administers the Supplemental Nutrition Assistance Program (SNAP) through the Department of Agriculture (USDA) and its subsidiary, the Food and Nutrition Service (FNS). The Defendant is referred to herein as the "Government."

## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over the parties pursuant to the specific Congressional grant of authority found in 7 U.S.C. §2023.

17. The Court has personal jurisdiction over the parties also pursuant to 7 U.S.C. §2023 and for the fact that the circumstances giving rise to this matter arose within the Eastern District of Michigan.

18. Venue is appropriate in the Eastern District of Michigan for the above stated reasons.

## COUNT I: FOR JUDICIAL REVIEW

19. The Plaintiffs re-aver the allegations set forth above as though set forth fully herein.

20. The Plaintiffs, pursuant to 7 U.S.C. §2023 are entitled to a de novo review of the Government's decision to deny re-authorization of the store.

21. The Plaintiffs qualify to participate in the SNAP program as an authorized retailer under the regulatory criterion found in 7 C.F.R. §278, just as they have in the past.

22. Furthermore, changes in regulations since the store was initially authorized do not apply to the Plaintiffs' operation, as the store's inventory is in line with the Department's requirements under the regulation. The Plaintiffs have no dining area and the establishment is not, by any stretch of the imagination, a restaurant, either as defined or even in the colloquial sense.

23. Virtually everything the Plaintiffs sell is a staple food. The Plaintiffs have considerable storage, coolers offering frozen foods, grocery, dairy, and breads, along with packaged staple foods, such as crackers, spices, canned food, and dried fruits.

24. The Plaintiffs have three varieties in each of the four staple food categories (defined as "basic foods that make up a large part of a person's diet"), specifically, breads, meat, and cheese.

25. Among a variety of other items, Plaintiffs sell voluminous amounts of *takhratha*, which are meat pies, cheese pies, and vegetable pies[4]; meat/cheese/vegetable egg rolls (*burek*)[5]; and Mediterranean potato chop.[6]

26. The Plaintiffs sell these and more in frozen bags, along with extensive amounts of *torshi* (pickled vegetables) packaged and refrigerated.[7]

27. Plaintiffs also sell bags of rice, potatoes, cooking oil, and similar such products.

---

[4] http://thym-thym.blogspot.com/2011/04/chaldean-meat-pies.html?m=1
[5] https://en.wikipedia.org/wiki/B%C3%B6rek
[6] https://threeteaskitchen.com/potato-chop/
[7] https://en.wikipedia.org/wiki/Torshi

28.  Additionally, it is starkly clear that the on-site inspector's report was inaccurate and incomplete. This report formed the basis of the Government's decision to deny the reauthorization, and thus the denial of reauthorization was made without all of the necessary facts, in a hasty and perfunctory fashion, and without respect or regard for the plethora of relevant factors at hand.

29.  It is the belief of the Plaintiffs that discovery in this matter will show that the Government had an incomplete understanding of the Plaintiffs business and operations, and that upon an evidentiary hearing and presentation, the Plaintiffs will be able to demonstrate, by a preponderance of the evidence, that the Plaintiffs' store does qualify for participation, warranting a reversal in the agency's denial.

30.  The Plaintiffs have incurred fees and costs in bringing this matter before the Court, and respectfully request that the Government be required to repay said fees in the event the Court enters judgment in their favor.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs GOLD'N OVEN and SAMANTHA DICKOW respectfully request that this Honorable Court, after conducting a de novo review of the FAD, enter judgment in their favor and against the United States, and also issue an Order granting the following relief: (a) Reversing the FAD; (b) Vacating FNS's Initial Determination; (c) Preliminarily enjoining FNS from disqualifying GOLD'N OVEN participating in SNAP during the pendency of this action; (d) Permanently enjoining FNS from denying GOLD'N OVEN authorization to participate in SNAP based upon the Initial Determination and the FAD; (e) Awarding GOLD'N OVEN an amount

equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access

to Justice Act; and (f) Such other and further relief as the Court may deem just and proper.


Date: April 2, 2024                                          Respectfully Submitted,

                                                             Samantha Dickow
                                                             /s/ Samantha Dickow
                                                             *Pro Se*
                                                             4104 15 Mile Rd.
                                                             Sterling Heights, MI 48310
                                                             samanthadickow@yahoo.com
                                                             (586) 634-0245

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gold'N Oven

**DEFENDANTS**
United States of America

**(b)** County of Residence of First Listed Plaintiff    Macomb County, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. Section 2023 and 7 CFR Section 279.7.

Brief description of cause:
Seeking Judicial Review of Administrative Review Decision

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**	**Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**	**County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**	**Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**	**Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**	**Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**	**Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**	**Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**	**Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**	**Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**	**Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.